UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAMUEL BURFICT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-2670** |
| **GOVERNOR BLANCO, ET AL.** | **SECTION: "B"(1)** |

## ORDER AND REASONS

Before the Court are the following motions: (1) Defendant Blanco's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Rec. Do. No. 31); (2) Defendants Peay's and Rosa's Motion to Dismiss (Rec. Doc. No. 40); and (3) Plaintiff's Exparte/Consent Motion re: Queen Elizabeth II's Refusal to Reply (Rec. Doc. No. 45). For the following reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss or, in the Alternative, Motion for More Definitive Statement (Rec. Doc. No. 31) is hereby **GRANTED**. **IT IS FURTHER ORDERED** that Defendants Peay's and Rosa's Motion to Dismiss (Rec. Doc. No. 40), and Plaintiff's Exparte/Consent Motion re: Queen Elizabeth II's Refusal to Reply (Rec. Doc. No. 45) are **DENIED** as moot.

## BACKGROUND

Plaintiff, Samuel Burfict filed a Complaint (Rec. Doc. No. 1) on April 26, 2007 and an Amended Complaint (Rec. Doc. No. 5) on May 5, 2007, alleging that "THE DEFENDANTS ARE GUILTY OF PERJURY/TREASON, ETC. AGAINST THIS HOLY METROPOLIS-AKROBOLIS SOCIETY/MY FAMILY IN HEAVEN #3/I." On June 8, 2007, Defendant Governor Kathleen Blanco, filed a Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Rec. Doc. No. 31). Three days later, the Court ordered Plaintiff to show cause (Rec. Doc. No. 33) for why the Complaint should not be dismissed for lack of federal jurisdiction. Plaintiff filed a response

to the motions (Rec. Doc. No. 36) on June 12, 2007. On July 3, 2007, Defendants, General J. H. Binford Peay, III, and Lieutenant General John W. Rosa also filed a Motion to Dismiss (Rec. Doc. No. 40). On July 9, 2007, Plaintiff filed a Response to the Motion to Dismiss (Doc. No. 43) and an Exparte/Consent Motion re: Queen Elizabeth II's Refusal to Reply (Rec. Doc. No. 45)

## LAW AND ANALYSIS

Rule 12(b)(6) authorizes a dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In analyzing a 12(b)(6) motion, the court must liberally construe the complaint in favor of the plaintiff and assume that all facts pleaded in the complaint are true. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 585 (5th Cir. 1999). The issue is not whether the plaintiff will ultimately prevail, but "whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id.* (citing 5 Wright & Miller, Federal Practice and Procedure § 1357, at 601 (1969)); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996). "'[I]f, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial, establish a case which would entitle them to . . . relief, the motion to dismiss should not [be] granted.'" *Bell Atl. v. Twombly*, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting *Leimer v. State Mut. Life Assur. Co.,* 108 F.2d 302, 305 (8th Cir. 1940). In the present case, the Court must examine the Complaint to ascertain whether any valid claim for relief is stated.

The Court finds that Plaintiff's Response and Motion do not state a viable claim. As stated in the Order to Show Cause (Rec. Doc. No. 33), the Court is unable to locate the "Metropolis-Akrobolis Holy Law Statute 1972" or any other law that would allow Plaintiff's claims to survive. The Court further finds that Plaintiff, in his response to Defendant Blanco's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Rec. Doc. No. 31), does not adequately

assert any basis for federal subject matter jurisdiction over the claims contained in the Complaint (Rec. Doc. No. 1). Accordingly,

**IT IS ORDERED** that the Complaint (Rec. Doc. No. 1) is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 19th day of July, 2007.

                                                IVAN L.R. LEMELLE
                                      UNITED STATES DISTRICT JUDGE