

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMUEL BURFICT | CIVIL ACTION |
| VERSUS | NO: 07-2670-ILRL-SS |
| GOVERNOR BLANCO, et all | |

### REPORT AND RECOMMENDATION

On July 23, 2007, the district court issued an order and reasons and a judgment was entered in favor of the defendants and against the plaintiff, Samuel Burfict ("Burfict"), dismissing his claims with prejudice. Rec. doc. 46 and 47.

On July 30, 2007, the undersigned received the following documents from Burfict: (1) A "Final" Verdikt//Deposition; (2) Memorandum; and (3) eighteen pages of photographs, pleadings from other jurisdictions and other documents prepared by Burfict. The Clerk has been instructed to file these documents in the record.

The A "Final" Verdikt//Deposition document begins with the following statement, "Judge Lemelle/Magistrate Shushan decision to 'dismiss' this case is an 'illegal' decision." Burfict, who is proceeding pro se, may be attempting to seek relief under Fed. R. Civ. P. 59 or 60, but there is no mention of either rule in the documents. Burfict's documents offer no basis for any relief under Rule 59 and Rule 60. To the extent Burfict is seeking relief under Rule 59 and 60, it is recommended that the relief be denied.

A *pro se* litigant is not exempt from compliance with relevant rules of procedural and

substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Dept't, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A review of the documents demonstrates that they violate Fed. R. Civ. P. 11(b). They are replete with frivolous arguments. The allegations contained in the pleading are wholly lacking in any basis for support. It is also recommended that Burfict's request for relief be denied for failure to comply with Rule 11.

## RECOMMENDATION

IT IS RECOMMENDED that: (1) to the extent the documents received from Burfict as described above seek any relief under Fed. R. Civ. P. 59 and 60, the request for the relief be denied; and (2) Burfict's request for relief be denied for failure to comply with Fed. R. Civ. P. 11.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 31st day of July, 2007.

SALLY SHUSHAN
United States Magistrate Judge